ANNA Y. PARK, CA SBN 164242
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
LOS ANGELES DISTRICT OFFICE
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone:   (213) 894-1080
Facsimile:    (213) 894-1301
E-Mail:  lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) CIVIL ACTION NO. |
| | ) |
| | ) **COMPLAINT** |
| Plaintiff, | ) |
| | ) |
| v. | ) [ADA – Disability |
| | ) Discrimination] |
| VEGAS WESTERN CAB COMPANY; | ) |
| | ) JURY TRIAL DEMAND |
| Defendant. | ) |

### NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Joel Walden who was adversely affected by such practices.  The complaint alleges that in February 2006, Defendant refused to hire Mr. Walden because of his disability (single arm amputee).  Further, the complaint alleges that Defendant failed to separate employee medical information from other personnel documents.

//

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Ace of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Nevada.

## PARTIES

3.     Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.     At all relevant times, Defendant Vegas Western Cab Company has continuously been a Nevada corporation doing business in the State of Nevada and the City of Las Vegas, and has continuously had at least 15 employees.

5.     At all relevant times, Defendant Vegas Western Cab Company has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.     At all relevant times, Defendant Vegas Western Cab Company has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7.     More than thirty days prior to the institution of this lawsuit, Joel Walden filed a charge with the Commission alleging violations of Title I of the ADA by Defendant employers.  All conditions precedent to the institution of this lawsuit have been fulfilled.

8.     On or about February 13, 2006, Defendant Vegas Western Cab Company ("Defendant Employer") engaged in unlawful employment practices at its Las Vegas, Nevada, facilities, in violation of Sections 102(b)(1), (3)(A), and (6) of Title I of the ADA, 42 U.S.C. § 12112(b)(1), (3)(A), and (6).  On or about February 13, 2006, Defendant refused to hire Mr. Walden because of his disability (single arm amputee).  In rejecting Mr. Walden's application, Defendant treated him differently than similarly situated non-disabled applicants.

9.     The effect of the practices complained of in paragraph 8 above has been to deprive Mr. Walden of equal employment opportunities and otherwise adversely affect his status as an applicant for employment, because of his disability.

10.     Since at least February 2006, Defendant Employer engaged in unlawful employment practices at its Las Vegas, Nevada facilities, in violation of Sections 102(d)(4)(C) of Title I of the ADA, 42 U.S.C. § 12112(d)(4)(C).  Since at least February 2006, Defendant failed to maintain separate employee medical information and treat it as a confidential medical record.

//
//

11.     The effect of the practices complained of in paragraph 10 above has been to deprive applicants and employees of equal employment opportunities and otherwise adversely affect their status as applicants and employees because of their disability or perceived disability.

12.     The unlawful employment practices complained of in paragraphs 8 through 11 above were intentional.

13.     The unlawful employment practices complained of in paragraphs 8 through 12 above were done with malice or with reckless indifference to the federally protected rights of Mr. Walden and other applicants or employees.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant Employer, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from discriminating on the basis of disability by refusing to hire any applicant because of his/her disability.

B.     Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant Employer to institute and carry out policies, practices, and programs which provide for maintenance of separate confidential medical files.

D.     Order Defendant Employer to make whole Joel Walden, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place hiring of Joel Walden.

E.      Order Defendant Employer to make whole Joel Walden by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 8 through 13, above, including job search expenses, and medical expenses not covered by the Employer's employee benefit plan, in amounts to be determined at trial.

F.      Order Defendant Employer to make whole Joel Walden by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 8 through 13, above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

G.      Order Defendant Employer to pay Joel Walden punitive damages for their malicious and reckless conduct, as described in paragraphs 8 through 13, above, in amounts to be determined at trial.

H.      Grant such further relief as the Court deems necessary and proper in the public interest.

//

//

I.    Award the Commission its costs of this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its complaint.

James Lee
Acting General Counsel

Gwendolyn Reams
Associate General Counsel

Anna Y. Park
Regional Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Los Angeles District Office
(213) 894-1080