ANNA Y. PARK, CA SBN 164242
DEREK W. LI, CA SBN 150122
THOMAS S. LEPAK, CA SBN 245649
thomas.lepak@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
LOS ANGELES DISTRICT OFFICE
255 East Temple Street, Fourth Floor
Los Angeles, California 90012
Telephone: (213) 894-1032
Facsimile: (213) 894-1301

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

ELAYNA J. YOUCHAH, NV SBN 5837
youchahe@jacksonlewis.com
JACKSON LEWIS LLP
3960 Howard Hughes Parkway, Suite 450
Las Vegas, Nevada 89169
Telephone: (702) 921-2460
Facsimile: (702) 921-2461

Attorneys for Defendant
VEGAS WESTERN CAB COMPANY

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>VEGAS WESTERN CAB COMPANY,<br><br>Defendant. | Case No. 2:09-cv-1888-GMN-PAL<br><br>**CONSENT DECREE** |

Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC" or "Commission") and Defendant Vegas Western Cab Company ("VWC" or "Defendant") hereby stipulate and agree to entry of this Consent Decree ("Decree") to resolve the Commission's complaint against Defendant in U.S. Equal

-1-

Employment Opportunity Commission v. Vegas Western Cab Co., Case No. 09-cv-01888-RCJ-PAL (the "Action"). On September 28, 2009, Plaintiff filed this Action in the United States District Court, District of Nevada, for violation of Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991. The Action alleges Defendant discriminated against Charging Party Joel Walden by denying him employment because of his disability, single arm amputee. Defendant denies all allegations made in the Action.

## I.

## **PURPOSES AND SCOPE OF THE DECREE**

A.  The parties to this Decree are the EEOC and VWC. This Decree shall be binding on and enforceable against VWC and its respective officers, directors, agents, successors and assigns.

B.  The parties have engaged in mediation of their disputes and have entered into this Decree in order to settle and resolve all disputes and differences relative to the claims referenced in this Action and in order to avoid expensive and protracted litigation including incurring the costs and attorneys' fees as to same.

C.  The parties have further entered into this Decree for the following purposes:

1.  To provide monetary and injunctive relief;
2.  To ensure or continue to ensure employment practices in compliance with federal law;
3.  To modify Defendant's policies and procedures with regard to applicants for employment, as needed;
4.  To ensure or continue to ensure dissemination of an employment discrimination policy reflective of the ADA; and
5.  To ensure or continue to ensure training of Defendant's personnel regarding the ADA.

//

## II.

## **RELEASE OF CLAIMS**

A. This Decree fully and completely resolves all issues, claims and allegations asserted or that could have been asserted by the EEOC against Defendant in this Action, including any claims barred by *res judicata* or claims preclusion, as applicable.

B. Nothing in this Decree shall be construed to preclude any party from bringing suit to enforce this Decree in the event that any party hereto fails to perform the promises and representations contained herein.

C. Nothing in this Decree shall be construed to limit or reduce Defendant's obligation to comply fully with the ADA or any other federal employment statute.

D. Except as set forth above in this Section II.A., this Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or may later arise against Defendant in accordance with standard EEOC procedures.

## III.

## **JURISDICTION**

A. The Court has jurisdiction over the parties and the subject matter of this Action. The Action asserts claims that, if proven, would authorize the Court to grant the equitable relief set forth in this Decree.

B. The terms and provisions of this Decree are fair, reasonable, and just.

C. This Decree conforms with the Federal Rules of Civil Procedure and the ADA and is not in derogation of the rights or privileges of any person.

D. The Court shall retain jurisdiction of this action during the duration of the Decree for the purposes of entering all orders, judgment and decrees that may be necessary to implement the relief provided herein.

//

## IV.
## EFFECTIVE DATE AND DURATION OF DECREE

A. The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court ("the Effective Date").

B. Except as otherwise provided herein, this Decree shall remain in effect for three (3) years after the Effective Date.

## V.
## MODIFICATION AND SEVERABILITY

A. This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein. No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.

B. If one or more of the provisions of the Decree are rendered unlawful or unenforceable, the parties shall make good faith efforts to agree upon appropriate amendments to this Decree in order to effectuate the purposes of the Decree. In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the parties' best efforts, be achieved.

C. By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions of the Decree.

## VI.
## COMPLIANCE AND RESOLUTION

A. The Parties expressly agree that if the EEOC has reason to believe that Defendant has failed to comply with any provision of this Decree, the EEOC may bring an action before this Court to enforce the Decree. Prior to initiating such action, the EEOC will notify Defendant and its legal counsel of record, in writing, of the nature of the dispute. This notice shall specify the particular provision(s) that

the EEOC believes Defendant has breached.  Defendant shall have sixty (60) days to attempt to resolve or cure the breach, however, the parties can agree to extend this period upon mutual consent.

      B.      The Parties agree to cooperate with each other and use their best efforts to resolve any dispute referenced in the EEOC notice.

      C.      After sixty (60) days have passed with no resolution or agreement to extend the time further, the EEOC may petition this Court for resolution of the dispute, seeking all available relief, including an extension of the term of the Decree for such period of time as Defendant or its successors are shown to be in breach of the Decree.

## VII.

## **MONETARY RELIEF**

      A.      In settlement of this lawsuit, Defendants shall pay to Charging Party Joel Walden the gross sum of $30,000.00 (Thirty Thousand dollars and zero cents).

      B.      Defendant shall forward to Mr. Walden, via certified mail, a check for the full amount within ten (10) days of the Effective Date of this Decree.  The monies shall be designated as non-wage compensation under the ADA and no tax withholding shall be made.  Defendant shall prepare and distribute 1099 tax reporting forms to Mr. Walden, who shall provide a form W-9 to Defendant prior to the time the funds shall be issued, and shall make the appropriate reports to the Internal Revenue Service and other tax authorities.  Within five (5) business days of the issuance of the settlement check, Defendant shall submit a copy of the check and related correspondence to Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, California, 90012.

//
//
//

# VIII.
# GENERAL INJUNCTIVE RELIEF

A. Disability Discrimination

Defendant, its officers, agents, management (including all supervisory employees), successors, assigns, and all those in active concert or participation with them, or any of them, are hereby enjoined not to discriminate against any individual in the terms and conditions of employment on the basis of disability.

B. Retaliation

No allegations of retaliation were raised in this action. However, Defendant, its officers, agents, and management (including all supervisory employees), successors, assigns and all those in active concert or participation with them, or any of them, understand and agree that, pursuant to provisions of the ADA, they shall not retaliate against any individual because he or she has either opposed any practice made unlawful under the ADA or participated in any opposition, investigation, or proceeding in connection with any such practice.

# VII.
# SPECIFIC INJUNCTIVE RELIEF

A. Policies and Procedures

Defendant shall review, revise (as necessary), implement, and distribute its policies and procedures against employment discrimination prohibited by the ADA (the "Policy"). The Policy shall include:

1. A clear explanation of prohibited conduct;
2. Clear protocols for the handling of applications from disabled individuals;
3. Assurance that employees who make good faith complaints of discrimination or provide information related to such complaints are protected against retaliation; and

//

    4.  Assurance that Defendant will take prompt and appropriate corrective action when it determines that discrimination and/or retaliation occurred.

  Within twenty (20) days of the Effective Date of this Decree, Defendant shall provide to the EEOC a copy of the Policy. Within thirty (30) days of the Effective Date, Defendant shall ensure that it has distributed the Policy to each employee and manager. Within sixty (60) days of the Effective Date, Defendant shall submit to the EEOC a statement confirming the distribution of the Policy to existing employees.

  Within thirty (30) days of the hire date of any person hired after the initial distribution, but within the term of the Decree, Defendant shall ensure that it has distributed the Policy to that person. On an annual basis through the term of the Decree, Defendant shall submit to the EEOC a statement confirming the distribution of the Policy to any person hired after the initial distribution but within the term of the Decree.

  B. Non-Discrimination Statement

  Within twenty (20) days of the Effective Date, Defendant shall ensure that it has included a non-discrimination statement inclusive of disability in all job postings and application materials; provided, however, that nothing in this Decree shall be construed to limit or reduce Defendant's rights and obligations to follow current Nevada and federal laws pertaining to physical requirements applicable to taxi cab drivers. Within thirty (30) days of the Effective Date, Defendant shall submit to the EEOC a statement confirming the inclusion of the non-discrimination statement.

  C. Posting of Notice of Consent Decree and Settlement

  Within thirty (30) days of the Effective Date, Defendant shall ensure that it has posted the Notice of Consent Decree and Settlement in a conspicuous place accessible to all employees. Within thirty (30) days of the Effective Date,

Defendant shall submit to the EEOC a statement confirming the posting of the Notice of Consent Decree and Settlement.

  D. <u>Employee Training</u>

Within ninety (90) days of the Effective Date and quarterly throughout the term of the Decree, Defendant shall distribute to each employee a concise, informative statement regarding the Policy and/or federal employment discrimination laws, as well as a person they can contact with questions or concerns. The distribution can occur as an attachment to the pay stub, an insert in a pay envelope, or other means of delivery that will reasonably ensure reception by each employee.

  E. <u>Manager Training</u>

Within ninety (90) days of the Effective Date and annually throughout the term of the Decree, Defendant shall provide a live training of at least one hour duration to each manager, supervisor, hiring official, and human resources/compliance staff member covering the Policy and compliance with federal laws regarding employment discrimination on the basis of disability.

Within sixty (60) days of the hire date of any manager, supervisor, hiring official, or human resources/compliance staff member hired after such training, but within the term of the Decree, Defendant shall provide a live training of at least one hour duration covering the Policy and compliance with federal laws regarding employment discrimination on the basis of disability.  All persons required to attend such training shall verify their attendance in writing.

Within ninety (90) days of the Effective Date and annually thereafter through the term of the Decree, Defendants shall produce to the EEOC documents verifying the occurrence of all training sessions conducted as required under this Decree, including the written training materials used, a description of the training provided, and a list of the names and job titles of attendees at each training session.

//

F.  Record Keeping

Defendant shall establish a record-keeping procedure that provides for the centralized tracking of disability discrimination complaints and requests for accommodation, and the monitoring of such complaints and requests to prevent retaliation, including the identities of the parties involved.  The records to be maintained shall include all documents generated in connection with any complaint or request, any investigation into any complaint, any interactive process regarding any request, and any resolution of any complaint or request for the duration of the Decree.

G.  Reporting

Defendant shall provide the following reports annually throughout the term of the Decree:

1.  Verification of compliance with the provisions for employee trainings required under this Decree that took place during the previous twelve months;

2.  The attendance lists for all manager training sessions required under this Decree that took place during the previous twelve months;

3.  Acknowledgments of receipt of the Policy for all employees hired during the previous twelve months;

4.  A description of all complaints made pertaining to disability (such as discrimination, harassment, or retaliation) since the submission of the immediately preceding report hereunder.  This description shall include the names of the individuals making the complaint; the nature of the complaint alleged; the names of the alleged perpetrators; the dates of the alleged wrongful acts; a brief summary of how each complaint was resolved; and the identity of the VWC employee(s) who investigated and/or

1 resolved each complaint. If no results have been reached as of
2 the time of the report, the result shall be included in the next
3 report; and
4     5. Verification that the Notice of Consent Decree and Settlement
5 has continued to be posted in a conspicuous place accessible
6 place to all employees.

## VIII.

## MISCELLANEOUS PROVISIONS

A. During the term of this Decree, Defendant shall provide any potential successor-in-interest with a copy of this Decree within a reasonable time of not less that thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of any of all of Defendant's facilities, or any other material change in corporate structure, and shall simultaneously inform the EEOC of the same.

B. During the term of this Decree, Defendant shall assure that each of its officers, managers, and supervisors is aware of any term(s) of this Decree which may be related to his or her job duties.

C. Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, California, 90012; facsimile number (213) 894-1301.

//
//
//
//
//
//

## IX.

## COSTS AND ATTORNEYS' FEES

Each party shall bear its own costs of suit and attorneys' fees.

All parties, through the undersigned, respectfully apply for and consent to the entry of this Consent Decree Order.

Respectfully Submitted,

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Date: October 6, 2010    By: _____
Anna Y. Park
Attorneys for Plaintiff EEOC


JACKSON LEWIS LLP

Date: 09/23/2010    By:    /s/ Elayna J. Youchah
Elayna J. Youchah
Attorneys for Defendant

## ORDER

**GOOD CAUSE APPEARING:**

The Court hereby retains jurisdiction and the provisions of the foregoing Consent Decree are hereby approved and compliance with all provisions thereof is fair and adequate.

**IT IS SO ORDERED** this 14th day of October, 2010.

_____
Gloria M. Navarro
United States District Judge

# Exhibit A

# Exhibit A

# **NOTICE OF CONSENT DECREE**

This Notice is being posted pursuant to a Consent Decree entered by the U.S. District Court for the District of Nevada, as part of the resolution reached between the Equal Employment Opportunity Commission ("EEOC") and Vegas Western Cab Company in the case titled:  U.S. EEOC v. Vegas Western Cab Company, Case No. 09 CV 1888.

In its suit, the EEOC alleged that Vegas Western Cab Company discriminated against an applicant for employment due to his disability in violation of the Americans with Disabilities Act ("ADA") when it failed to hire him for a driver position.  Vegas Western Cab denied the allegations made in the complaint.

To resolve this lawsuit, the parties have entered into a Consent Decree which provides for monetary relief and injunctive relief as follows:

1. To ensure or continue to ensure that Vegas Western's employment practices comply with the ADA;
2. To modify policies and procedures regarding applicants for employment, as appropriate to continue to ensure compliance with the ADA;
3. To ensure or continue to ensure dissemination of a policy against employment discrimination on the basis of disability; and,
4. To ensure or continue to ensure training of personnel regarding the ADA.

The EEOC enforces the federal laws against discrimination in employment on the basis of disability, race, color, religion, national origin, sex, pregnancy and age.  If you believe you have been discriminated against, you may contact the EEOC, 333 Las Vegas Blvd. South, Suite 8112, Las Vegas, Nevada 89101, (702) 388-5099.

You may also contact Terri Setterington, Director of Human Resource/Compliance, Frias Transportation Management, 5010 S. Valley View Blvd., Las Vegas, Nevada 89118, (702) 798-3400 x 2394.

No action may be taken against any employee by any management official for:
1. opposing discriminatory practices made unlawful by federal law,
2. filing, assisting, or participating in the filing of a charge of discrimination, or
3. assisting or participating in an investigation brought under the ADA.

Any such retaliatory actions should be reported to the EEOC at the address listed above.

## **THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**

**This Notice must remain posted for three (3) years from the date below and must not be altered, defaced or covered by any other material.  Any questions about this Notice or compliance with its terms may be directed to the EEOC at:**
**Re: Consent Decree with Defendant Vegas Western Cab Company**
**255 E. Temple St., 4th Floor, Los Angeles, CA, 90012**